```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,       :
          Plaintiff
                                :

          vs.                   :   CRIMINAL NO.  1:CR-04-167
                                    CIVIL NO.     1:CV-06-786
                                :

SHAWN M. POWELL,
          Defendant            :
```

M E M O R A N D U M

I.   Introduction

       The Defendant, Shawn Powell, filed a motion to vacate his sentence pursuant to 28 U.S.C. §2255, raising three claims. We will deny the motion.

II.   Background

       On January 14, 2005, the Defendant pled guilty to bank robbery in violation of 18 U.S.C. § 2113(a) & 2 (Count I). Powell was sentenced to 235 months of imprisonment, three years of supervised release, an assessment of $100, and restitution in the amount of $165,972.61.  He appealed to the Third Circuit. However, the circuit court dismissed his appeal on two grounds. First, the court found that Powell had failed to file his appeal in the ten days allowed under Fed.R.App.P. 4. (Doc. 123).  The court then found that even if he could claim an extension, the Defendant had waived his right to file an appeal.  (*Id*.).   The

Third Circuit then dismissed his appeal for lack of appellate jurisdiction.  (*Id*.).

On April 14, 2006, the Defendant filed this pro se 2255 motion.  In response to our order under *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), Powell elected to proceed on his motion as it was filed.  In his motion he raises the following three issues: (1) that the Government breached the plea agreement by allowing him to be sentenced to three years of supervised release in addition to twenty years imprisonment; (2) that the waiver of his collateral review rights is unenforceable because of the breach; (3) that trial counsel was ineffective for allowing the sentence that was imposed.  We directed the Government to file a response.  The motion is now ripe for review.

III.  Discussion

As noted by both the Defendant and the Government, the plea agreement contains a waiver provision.  It provides, in pertinent part, that Powell "...waives [his] right to challenge any conviction or sentence or the manner in which the sentence was determined in any collateral proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255."  (Doc. 89, Plea Agr., ¶29).  The Third Circuit has held that "[w]aivers of appeals, if entered into knowingly and voluntarily, are valid, unless they work a miscarriage of

2

justice." *United States v. Khattak*, 273 F.3d 557, 563 (3d Cir.

2001).  The court, however, has not addressed the waiver of a

defendant's right to file a collateral attack but it has

acknowledged the validity of such waivers in a non-precedential

opinion.  *See United States v. Perry*, 142 Fed. Appx. 610, 611-2

(3d Cir. 2005)(non-precedential).

        Other circuits that have addressed this issue,

however, have found that a waiver of one's right to collateral

attack is valid where the waiver is knowing and voluntary.  *See,*

*e.g. United States v. Cockerham*, 237, F.3d 1179, 1183 (10th Cir.

2001); *Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir.

2000); *Watson v. United States*, 165 F.3d 486, 488-9 (6th Cir.

1999); *United States v. Pruitt,* 32 F.3d 431, 433 (9th Cir.

1999); *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir.

1994).  In addition, other district courts in this circuit have

found a defendant's waiver of his right to collateral attack to

be valid.  *See, e.g. United States v. Fagan*, 2004 WL 2577553

(E.D.Pa. 2004); *United States v. Shedrick*, 2004 WL 1169989

(E.D.Pa. 2004); *Bolanos Cervantes v. Untied States*, 2006 WL

1644813 (D.N.J. 2006).  We find these cases to be persuasive.

        The Defendant has not argued that the waiver of his

collateral attack rights, or his plea for that matter, was

unknowing or involuntary.  Instead he contends that the

Government breached the plea agreement by allowing him to be

sentenced to three years of supervised release in addition to

3

twenty years imprisonment.  He maintains that the terms of
imprisonment and supervised release, when added together, should
not total more than twenty years.  He claims that as a result of
this breach, the waiver provision is unenforceable.

First, we begin by noting that a review of the record
leads us to conclude that Powell knowingly and voluntarily
entered into his plea agreement, including the waiver provision.
Specifically, the Defendant acknowledged during the guilty plea
hearing that he was aware that he was waving his right to appeal
and to file collateral attacks.  (Doc. 111, Guilty Plea Tr., p.
14).  He further stated that he was pleading guilty of his own
free will because he was, in fact, guilty of the crime alleged.
(*Id*. at p. 15).

Powell's argument regarding the enforceability of the
waiver provision also has no merit.  As previously discussed,
the Third Circuit held in *Khattak* that a waiver of appellate
rights is valid if it is knowing and voluntary and no
miscarriage of justice would result from its enforcement.
Applying that standard to the instant case, we find that in
addition to the Defendant's waiver of his collateral rights
being knowing and voluntary, no miscarriage of justice would
occur by upholding its validity.  The plea agreement provides
that the maximum penalty for the crime to which he pled guilty
is "...imprisoment for a period of 20 years, a fine of $250,000,
*a maximum term of supervised release of up to three years*, to be

4

determined by the court, which shall be served at the conclusion of and in addition to any term of imprisonment...." (Doc. 89, Plea Agr., ¶1)(emphasis added). The agreement goes on to state that "[Powell] also understands that the Court *must* impose a term of supervised release following any sentence of imprisonment exceeding one (1) year, or when required by statute." (Doc. 89, Plea Agr., ¶2)(emphasis added). Powell acknowledged that he was aware of these terms in his plea colloquy. (Doc. 111, Guilty Plea Tr., p. 12). It is quite clear that the Defendant was apprised of the fact that he would be subject to a term of supervised release in addition to a term of imprisonment and that the term of imprisonment, on its own, could total up to twenty years.

Finally, although we do not reach Powell's ineffective assistance of counsel argument because of the waiver provision, counsel could not be ineffective for failing to object to the sentence on the grounds raised by Powell as it is clear the Defendant was aware of the sentencing terms.

IV.   Conclusion

Based on the foregoing discussion, we will issue an order denying Defendant's claims. The order will also deny a certificate of appealability, based on the analysis in this memorandum. However, Defendant is advised that he has the right for sixty (60) days to appeal our order denying his section 2255

5

motion, *see* 28 U.S.C. § 2253(a), and that our denial of a
certificate of appealability does not prevent him from doing so,
as long as he also seeks a certificate of appealability from the
court of appeals.   *See* Federal Rule of Appellate Procedure 22.

We shall enter an appropriate order.



<u>/s/William W. Caldwell</u>
William W. Caldwell
United States District Judge

Date: August 25, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

```
UNITED STATES OF AMERICA,         :
          Plaintiff
                                  :

          vs.                     : CRIMINAL NO.  1:CR-04-167
                                    CIVIL NO.     1:CV-06-786
                                  :
SHAWN M. POWELL,
          Defendant               :
```

O R D E R


        AND NOW, this 25th day of August, 2006, it is Ordered

that:

        1. Defendant's 2255 motion (Doc. 126) is
        denied.

        2. Based on the accompanying memorandum,
        a certificate of appealability is denied.

        3. The Clerk of Court shall close this
        file.


                            /s/William W. Caldwell
                            William W. Caldwell
                            United States District Judge